**Motion to Dismiss Denied; Reversed and Remanded, and Memorandum Majority, and Dissenting and Concurring Memorandum Opinions filed July 6, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00499-CV

## PEARLAND URBAN AIR, LLC, Appellant

### V.

## ROCKWOOD ALLIANCES, INC., Appellee

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2021-39466**

## DISSENTING AND CONCURRING MEMORANDUM OPINION

Urban Air has asked this court to grant it leave to file an amended notice of appeal to cure if we conclude there is a defect. *See* Tex. R. App. P. 25.1(g) (vesting this Court with the power to grant leave to amend notice of appeal). I would grant Urban Air's requested relief and dismiss Rockwood's motion to dismiss as moot.

I concur with the court's judgment except for the portion that purports to remand the case to the trial court. There was a time when appellate courts rarely considered appeals that were not from final judgments. Whether those were better days I will leave for others to decide. But back then, appellate courts understood that in an interlocutory appeal only the appealable order is before the appellate court, not the entire underlying proceeding.[1] The underlying proceeding is still in the trial court; we have nothing to remand, and I dissent to that portion of the judgment.[2, 3]

/s/    Charles A. Spain
Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Spain.

---

[1] Because there is no final judgment.

[2] "A correct draft of a judgment to be included in an opinion which has been written with care should be the final challenge to the writing judge." Robert W. Calvert, *Appellate Court Judgments or Strange Things Happen on the Way to Judgment*, Tex. Tech. L. Rev. 915, 925 (1975).

[3] Because this is an interlocutory appeal of the trial-court's order denying appellant's motion to compel arbitration, only that order is before this court—not the entire trial-court case. Thus, we should not remand the case to the trial court because the case is not before us. *See Chappell Hill Sausage Co. v. Durrenberger*, No. 14-19-00897-CV, 2021 WL 2656585, at *5 n.6 (Tex. App.—Houston [14th Dist.] June 29, 2021, no pet.) (mem. op.); *see also Motor Coach Indus., Inc. v. Del Refugio as Next Friend of Nanez*, No. 14-20-00825-CV, 2022 WL 3725144, at *8 n.8 (Tex. App.—Houston [14th Dist.] Aug. 30, 2022, pet. filed) (mem. op.).

2